The next case this morning is 524-0209, People v. Phelps. Arguing for the appellant is Christopher Seeloff. Arguing for the affilee is Stephanie Raymond. Each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Morning, Your Honors. Justice McHaney, I can't hear you again. How about now? I've got you now. All right, morning, counsel. Morning, Your Honors. All right, as you can see, he's still got me? Yeah. As you can see, Justice Barberis is not present. He will be listening to the oral arguments, the recording of the oral arguments, and will be participating as a panel member in the disposition. With that, appellant, if you are ready, you may proceed. Good morning, Your Honors. Good morning, counsel. May it please the court. This case is about the ramifications of post-plea counsel failing to comply with his duties under Rule 604D. Rule 604D is not a mere formality, pardon me, to be completed as quickly as possible in order to expedite a withdrawal hearing and move on to appeal. Rather, Rule 604D requires counsel to ascertain a defendant's contentions of error in entering his guilty plea and to make and to amend the motion to withdraw to adequately present those errors to the court. Because the record in this case demonstrates that counsel failed to meet either requirement in this case, this court should vacate the circuit court's decision and remand it back to the circuit court for counsel to file an amended motion to withdraw Mr. Phelps' guilty plea. The strongest evidence that counsel failed to comply with either of the two duties at issue in this case is the motions themselves. The July 17 motion lists 14 claims. These claims are the only ones that the circuit court acknowledged as evidence by it reading through the motion at the end of the hearing and listing off 14 different items that it said it was considering. Furthermore, the circuit court explicitly stated in the report of proceedings at page 120 that any subsequent motions to the July 17 motion had been stricken. However, these subsequent motions filed after the July 17 motion listed several claims that were only not present in the July 17 motion, but that were also expanded upon from the July 17 motion. By my count, there are nine of these claims that either were not included in the July 17 motion or in the subsequent motions were expanded on and provided more support, including one, that Mr. Phelps believed that he would get good time credit on his sentence and be home sooner than he otherwise would be. Two, the counsel knew that Mr. Phelps was mentally impaired at the time of his guilty plea hearing. Three, that Mr. Phelps has attention deficit hyperactivity disorder. Four, that the court improperly considered great bodily harm because it is a factor inherent in the offense. Five, the counsel repeatedly told Mr. Phelps that he believed he was guilty and would not assist him. Six, that the court refused to act on its knowledge that counsel and Mr. Phelps could not work together. Seven, that the state had coerced the victim into cooperating by threatening her with warrants and charges in other cases. Eight, that there's doubt as to Mr. Phelps' guilt and he has a defense worthy of consideration. And nine, that Mr. Phelps was not really taking psychotropic medication at the time of guilty plea hearing. Most of these claims are new claims that were not contained within his July 17 motion. And thus, when the court struck all of those additional claims, those motions, subsequent to the July 17 hearing, it struck most or all of these nine claims that I have just read out. In addition, some of these claims, while technically they could be considered included in the July 17 motion, that is only because the July 17 motion is so vague and broad and unsupported that almost any claim that would fit within a motion to withdraw a guilty plea hearing could technically be forced to fit into one of the claims that Mr. Phelps raised in that July 17 motion. But in reality, these new claims are, pardon me, these claims are specific enough that even if they're not technically considered new, they are so much more developed and specific in the subsequent motions that the court had said it was striking and would not consider that they effectively were not before the court. So what we have here is Mr. Phelps, and I will admit to it, and he and counsel admitted to it as well in the circuit court hearing, he liked to file a lot of motions. He liked to send a lot of things to the court. And the court did tell him, Mr. Phelps, if you keep sending these things, it's gonna make it harder for counsel to keep up with his duties under Rule 604D to properly amend that motion. He said, okay, then, you know, let's go forward with what we have here. But critically to this case, counsel never did anything to comply with 604D. He never compiled those motions together, never amended them into a singular motion. And when the court said, by the way, I'm striking all the, not only am I striking these, I have told you in a past hearing, I'm striking these. I've told you previously, I'm not considering anything in these subsequent motions. So counsel had been on notice before, well before the motion to withdraw hearing that the court wasn't considering the vast majority of Mr. Phelps's claims. And he went ahead anyway and argued those claims at the hearing. And there is a wide breadth of case laws we cited to in the brief. Specifically, I'd like to point to People v. Winston from the second district that says, anything that you argue at the motion withdraw hearing has to be included in the actual motion to withdraw. And that's not the circuit court coming up with new case law out of the ether. That's a rational, straightforward, common sense interpretation of rule 604D that says anything not included in the motion is waived out of the ether. But counsel, didn't you say that the original motion, that the one prior to all the other ones being stricken was in fact though, very vague and broad. So couldn't it have technically been pled? I mean, it sounds like it was wide open in terms of pleading and then you have your hearing and you can flush those things out. So Your Honor, I would have two responses to that. The first is, yes, we have never contested that that first motion is very wide and very broad, but that is the problem because it is so wide and so broad that because it effectively could plead anything, it also effectively pleads nothing. It's so broad that counsel could have done anything at the motion withdraw hearing. And because it's so broad, if that argument were to hold water, then anything he did at the motion withdraw hearing, well, yeah, technically, if we squint our eyes and tilt our head, if we kind of muddy the issue enough, sure. But the point of Rule 604D is not just words on the paper. It's about specificity. It's about preserving claims for appeal. And when the circuit court said, I'm striking all those other motions that had that specificity, that had the affidavits in support, the evidence in support of those claims, which I would hasten to note that July 17th motion does not have any affidavits. It doesn't have any evidence attached. It is, I have it right here. I'll read some of the claims. The first claim, ineffective assistance of counsel. The second claim, judge conduct. The fourth claim, I was under duress. The fifth claim, conspiracy against me. Those are so broad and so vague that anything counsel did at the motion withdraw hearing could technically be considered compliance, but only if we zoom so far out to make 604D effectively not require that specificity. And beyond that, we know that counsel's failure to engage with the specificity requirements of Rule 604D prejudiced him at the motion withdraw hearing, because when the court was going through those 14 claims from the one motion it hadn't stricken, at several points it said, I don't know what this is referring to. Maybe it's talking about this thing that, this testimony that was presented at the hearing. Maybe it's referring to this other thing that's in a claim that I had from a motion that I had stricken, I don't know. So that's why specificity is required, because if your motion is so broad, so vague that it could effectively mean anything, the court can't parse out what exactly it thinks you're asking it to do. And as sort of a related note as well, it's not just the requirement to amend the motion under Rule 604D, although we argue that is sort of the heart of this issue. It's also that counsel has to ascertain the defendant's contentions of error. And throughout the run-up to the hearing, as well as the hearing, with the well in advance knowledge that the only motion in play was the July 17 motion, counsel's arguing claims and evidence and testimony and anything else from all these subsequently stricken motions. And he also said, there are 10 claims instead of 14. And basically everything counsel said in the run-up to the hearing and at the hearing demonstrated that he was confused as to what was going on. And the very simple, necessary solution that would have fixed all that would have been if he had taken the time to take all the motions that Mr. Phelps had filed pro se, compile them together and then amend it into his own motion, put it into counsel's words, how is he going to argue this? What evidence is he going to present? And that likely would have cut around this whole appeal if counsel had just done the very simple job that not only makes things easier for us on appeal, but it's required of him by Illinois Supreme Court rule. So the arguments that all of these claims were raised anyways, or that they're broad enough that anything that was raised could fit, that doesn't really work here under the plain language. Plain language says you have to know what it is you're arguing, and then you have to amend it to put it into proper form to appropriately present those issues to the court. Counsel here, we believe the record clearly shows did not perform either of those duties. And so we would ask this court to vacate the circuit court's decision and to remand for a new counsel to create an amended motion. No sound again, Justice McHaney. About now. Yes. Any further questions, Justice Schiller? Not, not at this time. All right, thank you. Appellant will be given time for rebuttal. Applee, you may proceed. May it please the court, your honors, counsel. My name is Stephanie Raymond. I represent the state of Illinois in this matter. The point of 604D is in fact to ascertain the defendant's contentions of error and then present those to the court. And that is what was done here. Not only did counsel file a 604D certificate, which is not disputed, obviously, but he complied with the rule. He, the motions that defendant, the many motions that defendant wrote to the court, he compiled those and argued those in a full and fair hearing that counsel seems to be dancing around. Freeman's testimony at the hearing was not even included in counsel's brief. So I think that focusing on which motions, this, that, and the third, the point is of 604D is for a defendant to be provided with a full and fair hearing on the issues that they feel happened. That was done in this case. Counsel argued every single one of defendant's issues, including those that were contained in other motions. The motions, if you compare each of them, are, have all the same claims. One maybe have this claim that, about the medicine. One had one about the medicine that the other ones didn't. Well, that issue was argued in front of the court. So every one of defendant's contentions was argued to this court. All right. Counsel, if I can. So what about the point that the lack of specificity somehow confused the court? That the judge wasn't sure what was being addressed. Was that addressed at the hearing then? I do believe that was addressed at the hearing. It's the state's position that all of those in inadequacies or of the motions that were written by defendant were explored. They were argued and a Freeman, a plea counsel was testified, was cross-examined. Everything was fleshed out. The court actually went point by point in its decision regarding each of defendant's claims. This was a situation in which all of the defendant's claims were before the court. They were found, ultimately they were found to be without merit. So at this point, defendant, the state believes that the point of 604 D, the spirit of 604 D and the entire reason for the rule was complied with, including a valid certificate. Amendments are necessary for the adequate presentation of claims. The claims in this situation, this case were more than adequately presented to the court. And it's the state's position that it would be an exercise in futility to then remand this matter for something that has already taken place. Everything that defendant claimed was air was before the court. It was decided upon and ultimately not in defendant's favor. Regarding the Winston case, the state would disagree with how counsel has interpreted it. But again, that is argued in each of our briefs. So it is the state's position that he had a full and fair hearing. And in cases, there's case law cited in the brief, people versus Brown, my brief, in which it discusses the fact that when there is a full and fair hearing and everything else, his certificate was filed, that it is an exercise of futility and a waste of judicial resources to keep remanding the matter for the same thing, the same bite at the apple over and over again. So it is the state's position that defendant in this particular case was provided what 604 D requires. And at this juncture, remand would not serve anyone. So unless there are no further questions, the state would just ask that you affirm. No sound, Justice McKinney. Would you like us to move on to rebuttal? I think at this time. I can't hear you. Yeah, all right. Let's move on to rebuttal then. I'm gonna help out here. Your honors, I'll try and keep this as brief as possible. As we noted in the reply brief, the state's only argument appears to be this full and fair hearing argument. What are we doing? It's a waste of time, right? What are we gonna go back and send this to do the same thing? No, because this was not a full and fair hearing. A full and fair hearing is guaranteed by rule 604 D. It's not just about specificity. It's not just about preserving claims for appeal. Rule 604 D is the baseline, the floor, the very low bar attorneys have to climb over to be found minimally effective at the motion to withdraw stage, at the post plea stage, I should say. What does it require? That you know what your client's asking you to do and that you do it, that you amend the motion to do it. So in this case where the state argues that we don't rebut that Mr. Phelps had a full and fair hearing and that we dance around this issue, I would point your honors to our reply brief, pages one and two, where we point out that despite never using the exact phrase the state would prefer us to use, a full and fair hearing, it would be ludicrous to argue that we're not arguing that this is a full and fair hearing. We point out all the discrepancies between the motions that counsel did not amend the motion properly, did not provide the evidence in the written motion, which rule 604 D requires. And also he himself was confused about what was happening. He said there were 10 claims when there were 14. And in fact, actually it's closer to 30 or 40 when we include the subsequent motions that were stricken that he clearly didn't know what a stricken motion, what the effect of that was. But beyond all that, it's this idea that what are we gonna do? Send it back for these empty formalities for counsel to do what he should have done in the first place? Yes, it's the whole point. If we didn't want the appellate courts to do that, we'd get rid of rule 604 D. We can't just gloss over it and the state thinks it was fine. We have to look at what the record says, what counsel knew, what the record shows the counsel knew and what he did. And in this case, specifically about what's counsel knew and what he did, it's Mr. Phelps's position that at the very least in relation to rule 604 D, what he knew and what he did was clearly not enough to rebut his certificate that said, I found out what my client's claims of error were and I argued them to the court. If he had, he would have amended the motion to include all the claims that either were not, explicitly were not included in that July 17th motion or were further developed with evidence and argument in the subsequent motions. And he also would have adequately presented them to the court. It's a very low bar. It's not high. It's not high or it's not hard to clear. And so when counsel trips over it like this and falls on his face, should be a very simple case of remanding back for him to do what he should have done in the first place. And so that's why we're asking for a remand in this case because it wasn't a fair hearing because counsel didn't do his job. And the court said, I don't know what I'm even looking at here. I don't know how to rule on this. So I'm gonna try and force as many of these to this testimony and this evidence I heard today into these really seven incredibly broad vague claims because the other seven claims in that first July 17th motion, those all relate to sentencing issues that were not available to the court because of the procedural posture of this being a fully negotiated plea. And the second half of that July 17 motion was all about excessive sentence claims. So counsel also didn't mention that. The fact that Mr. Phelps had put forward a bunch of claims that were not available for the court to review. It's just every step of this case, counsel didn't know what was happening and didn't know how to fix those errors. And so it's when you can't clear that incredibly low bar in so many different ways that can't possibly be a full and fair hearing, especially where the court comes back and says, I don't really understand much of what's happening here. And that's because counsel failed to do his job to amend the motion. So for those reasons, because it wasn't a full and fair hearing, because counsel failed to do his job, because the court didn't know what was happening and therefore didn't rule on much of what Mr. Phelps claimed were the errors in his guilty plea, we would ask this court to vacate the circuit court's ruling, remand it back to the appointment of new counsel who will strictly comply with Rule 604D. Any final questions? No questions. Can you hear me? Barely. What about now? Barely at a whisper. All right. If you have a question, Your Honor, I can't hear you. No, I don't have any further questions. We'll take the matter under advisement, and issue a ruling at due course. Thank you. Thank you. Thank you.